## IN THE U.S. DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PLANNED PARENTHOOD GULF COAST, INC.; JANE DOE #1; JANE DOE #2; and JANE DOE #3, on their own behalf and on behalf of all others similarly situated, | |
| Plaintiffs, | No. 3:15-cv-00565-JWD-SCR |
| v. | |
| KATHY KLIEBERT, Secretary, Louisiana Department of Health and Hospitals, | |
| Defendant. | |

### PLAINTIFFS' MEMORANDUM REGARDING AVAILABILITY OF STATE REMEDY

As directed by the Court, Plaintiffs hereby file this memorandum explaining why Plaintiffs are entitled to temporary and preliminary injunctive relief notwithstanding the administrative and state judicial remedy that is available to Planned Parenthood Gulf Coast, Inc. ("PPGC") (although not to its patients).

Defendant's second set of letters terminating PPGC's Medicaid provider agreements states that the terminations "will become effective thirty (30) days (including Saturdays and Sundays) from the date of your receipt of this letter." *See* Decl. of Melaney Linton in Supp. of Pls.' Renewed Mot. for TRO and Prelim. Inj., Ex. D, ECF No. 46-1. The effective dates are Saturday, October 17 and Sunday, October 18, necessitating injunctive relief from this Court to allow PPGC to continue to see its Medicaid patients beginning on the morning of October 19.

The letters further provide that the termination will "take effect following final determination, judgment, completion, withdrawal from, or termination of all administrative

and/or legal proceedings in this matter. Such proceedings include, but are not limited to, informal hearings, administrative appeals, appeals for judicial review, appellate judgments and/or denials of writ applications." *Id.* Given the breadth of the language, as well as the pendency of this action, Plaintiffs' counsel contacted Defendant's counsel to inquire if the stay of the termination would apply to a federal court action, and Defendant's counsel advised that it would not, stating that "the administrative avenue is the agreed upon process to protect [Plaintiffs'] rights." Email from Stephen Russo, Exec. Counsel, Office of the Sec'y, La. Dep't of Health and Hosps., to Carrie Flaxman, Senior Staff Attorney, Planned Parenthood Fed'n of Am. (Sept. 22, 2015), attached hereto as Ex. A.

Given that Defendant was willing to stay the proposed termination if Plaintiff PPGC filed an administrative appeal, she cannot here claim any injury should the Court enter the temporary restraining order. Moreover, it is not clear at this preliminary stage of litigation whether Defendant's offer to stay the termination if PPGC elects the administrative process is the ordinary course following the termination of a Medicaid provider agreement, or whether it is another way in which the Louisiana Department of Health and Hospitals ("DHH") is pursuing an irregular process to try to bring its politically motivated termination of PPGC to fruition.[1]

Nevertheless, Defendant is wrong that PPGC must exhaust the administrative and state judicial remedy she has provided in lieu of seeking temporary and preliminary injunctive relief from this Court. Well-settled law establishes that state remedies are not the exclusive mechanism for challenging the illegal termination of a Medicaid agreement.

---

[1] Indeed, regulations that govern DHH state that "sanctions" are effective upon issuing the notice of the results of the "informal hearing," with the exception of the sanction of "exclusion," which is effective when the order after an administrative appeal is entered by Defendant. *See* La. Admin. Code tit. 50, § 4169.

Importantly, it is undisputed that the patient Plaintiffs in this action, Jane Does #1, #2, and #3, do not have an administrative remedy to exhaust. Defendant admitted as much at the hearing on Plaintiffs' first motion for temporary restraining order. Transcript of Hr'g on Pls.' Mot. for TRO at 15, ECF No. 46-4. For this reason, in entering a preliminary injunction in Planned Parenthood's challenge to Arkansas' termination of its provider agreements based on the same misleading videos at issue here, an Arkansas district court correctly determined that the plaintiffs were properly in federal court. The court stated, "at this stage of the litigation, the Court declines to find that [Planned Parenthood's] decision not to appeal [the Defendant's] determination forecloses the Jane Does' ability to vindicate their rights . . . through this lawsuit." *Planned Parenthood Ark. & E. Okla. v. Selig*, No. 15-566 at 20 (E.D. Ark. October 5, 2015), ECF No. 46-9 ("Ark. PI Order"); *see also id.* at 19-20 ("If the Court gives [the fact that Planned Parenthood did not invoke the administrative process] the significance [Defendant] seeks, the Court questions why Congress would confer a right on Medicaid beneficiaries when that right seemingly has to be enforced by the provider through the administrative appeals process as [Defendant's] argument suggests."). The only way for the patient Plaintiffs to vindicate their federal right to free choice of provider is through a § 1983 action.

Moreover, PPGC does not have any obligation to exhaust the administrative remedies DHH has provided. It is well-settled that administrative remedies need not be exhausted before seeking injunctive relief under 42 U.S.C. § 1983. *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982); *Romano v. Greenstein*, 721 F.3d 373, 376 (5th Cir. 2013) ("There is no general requirement that a plaintiff exhaust state administrative or judicial remedies before she can pursue a claim under § 1983."); *Doc's Clinic, APMC v. Dep't of Health & Hospitals*, No. 09-269-JJB, 2009 WL 3199192, at *3 (M.D. La. Sept. 25, 2009) ("Congress understands that courts

generally do not require exhaustion as a precondition of maintaining a § 1983 action."). It is only where "Congress creates an exception" that exhaustion is required. *Doc's Clinic*, 2009 WL 3199192, at *3; *see also Alacare, Inc.-North v. Baggiano*, 785 F.2d 963, 965 (11th Cir. 1986) (explaining that Supreme Court has "strongly reaffirmed that there is no general requirement that a plaintiff exhaust any remedy he might have at state law before proceeding into federal court, save where Congress has crafted an exception to that general rule"). The purpose of § 1983 is "to provide an alternate, *supplemental* avenue for relief to persons who almost always have an additional remedy available at state law." *Alacare, Inc.*, 785 F.2d at 967; *Cripps v. Dep't of Agric. & Forestry*, No. 12-452-JJB, 2012 WL 6097221, at * 3 (M.D. La. Dec. 7, 2012) (stating that "one of the purposes of a Section 1983 claim . . . is to provide a federal remedy that is 'supplementary to the state remedy [that] need not be first sought and refused before the federal one is invoked.'") (citation omitted).

Overwhelming case law, including in this Court, is clear that the federal Medicaid Act provides no such exception, and thus does not require exhaustion. *Doc's Clinic*, 2009 WL 3199192, at *3 (holding that "there is no implicit or explicit exception in the language of the Medicaid Act"); Ark. PI Order at 20 ("[T]he Jane Does sue under 42 U.S.C. § 1983, and there is no exhaustion requirement under 42 U.S.C. § 1983."); *see also Alacare*, 785 F.2d at 967 (holding that "congressional preference for imposing an exhaustion requirement in Medicaid cases is simply inevident, either explicitly or implicitly"); *Roach v. Morse*, 440 F.3d 53, 58 (2d Cir. 2006); *Houghton ex rel. Houghton v. Reinertson*, 382 F.3d 1162, 1167 n.3 (10th Cir. 2004).[2]

---

[2] And, although Defendant seems to be suggesting that exhaustion of state judicial remedies is also required, that too has been foreclosed by clearly established case law. *See Romano*, 721 F.3d at 376; *Alacare*, 785 F.2d at 970.

Furthermore, even if the Medicaid Act did require PPGC to exhaust, that requirement should not be enforced in this case where exhaustion "would be futile because the administrative agency will clearly reject the claim." *Dawson Farms, LLC v. Farm Service Agency*, 504 F.3d 592, 606 (5th Cir. 2007) (citation and internal quotation marks omitted); *see also Ledet v. Fischer*, 548 F. Supp. 775, 781 (M.D. La. 1982) (stating that exhaustion is "inapplicable in cases where application for relief to the appropriate administrative tribunal would be totally fruitless, as when the agency involved has a declared policy in support of the conduct being challenged"). Although Louisiana grants PPGC the right to an administrative hearing, the ultimate authority for deciding any such appeal is the Defendant herself. That is because, if PPGC were to invoke the state administrative remedy and proceed through the administrative process, the Hearing Officer would render only a "proposed decision." Subsequently, the Defendant could either "adopt" the proposed decision or she could "reject the proposed decision and have a decision prepared based on the [administrative] record." La. Dep't of Health & Hosps., Louisiana State Medicaid Plan § 4.2a (II)(A)(7), attached as Ex. B; *see also* La. Rev. Stat. Ann. § 49:992(D)(2)(b)(iii)(aa); *Doctors Hosp. of Augusta v. Dep't of Health & Hospitals*, No. 2013 CA 1762, 2014 WL 4658202, at *4 (La. Ct. App. Sept. 17, 2014) *writ denied sub nom. Doctors Hosps. of Augusta v. Dep't of Health & Hospitals*, 153 So. 3d 444 (La. 2014) (noting that the "decision of DHH is considered the final decision, not the determination by the administrative law judge" where DHH rejected the proposed decision and denied the reimbursement at issue). Given that Defendant has terminated the provider agreements (not once but twice), it would strain credibility for her to argue that the administrative mechanism would provide PPGC any real avenue for relief.[3]

---

[3] If that were not enough, Plaintiffs also should be excused from any exhaustion requirement, even if there were one, because they have brought constitutional claims, including an equal

Finally, forcing Plaintiff PPGC to invoke the state administrative process (and the subsequent state judicial review) very likely could result in preventing it from litigating its claims in federal court at all. That is because there is a high likelihood that doing so would trigger a request from Defendant to abstain and/or a determination by the federal courts that the state administrative or judicial process was preclusive with regard to issues that are presented in this case. *See, e.g.*, *Alacare*, 785 F.2d at 970 (rejecting exhaustion requirement because "if we were to require exhaustion of judicial remedies, the doctrine of *res judicata* and collateral estoppel would mean than an unfavorable state court opinion would have issue preclusive effects that would bar the party from relitigating his claim in federal court").[4] Requiring resort to the state remedies would, therefore, "eviscerat[e] the supplemental nature of Section 1983." *Id.*; *Hudson v. Palmer*, 468 U.S. 517, 545 n.9 (1984) (noting that "§ 1983 provides a remedy for Fourth Amendment violations supplemental to any state remedy that may exist"). Defendant should not be permitted to preclude Plaintiffs' access to injunctive relief in federal court in this manner.

---

protection claim, that "would remain standing after exhaustion of the administrative remedy." *Dawson Farms*, 504 F.3d at 606 (citation and internal quotation marks omitted).

[4] *Alacare* stated that a decision from an administrative agency would not have preclusive effect, 785 F.2d at 970, but that was before the Supreme Court decided in *University of Tennessee v. Elliot*, 478 U.S. 788 (1986), that unreviewed findings by an administrative tribunal may also be entitled to preclusive effect.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' renewed motion for a temporary restraining order and preliminary injunction should be granted regardless of the availability of the state remedy.

Dated:  October 14, 2015

/s/ William E. Rittenberg

William E. Rittenberg
Louisiana State Bar No. 11287
RITTENBERG, SAMUEL AND PHILLIPS, LLC
715 Girod St.
New Orleans, LA 70130-3505
(504) 524-5555
rittenberg@rittenbergsamuel.com

Carrie Y. Flaxman (*pro hac vice* granted)
PLANNED PARENTHOOD FEDERATION OF
AMERICA
1110 Vermont Ave., NW, Suite 300
Washington, DC 20005
(202) 973-4830
carrie.flaxman@ppfa.org

Melissa Cohen (*pro hac vice* granted)
PLANNED PARENTHOOD FEDERATION OF
AMERICA
434 West 33rd Street
New York, NY 10001
(212) 261-4649
melissa.cohen@ppfa.org

*Attorneys for Plaintiffs*
*Planned Parenthood Gulf Coast, Inc., Jane Doe #1,*
*Jane Doe #2, and Jane Doe #3*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of October, 2015, a copy of the foregoing has been served upon all counsel of record in this action by electronic service through the Court's CM/ECF system.

> */s/ William E. Rittenberg*
> William E. Rittenberg